IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

      Plaintiff,                    No. CIV 11-2773 GEB CKD

    vs.

MARCOS A. FLORES et al.,        <u>ORDER AND</u>

      Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Pending before the court is plaintiff's motion for default judgment against defendant Marcos A. Flores, presently noticed for hearing on April 25, 2012 before the undersigned. (Dkt. No. 12.) No opposition has been filed. Having reviewed the papers in support of the motion, the court concludes that oral argument would not be of material assistance in resolving the motion. Therefore, the motion will be submitted on the record without oral argument, and the April 25, 2012 hearing on the motion will be vacated.

        Furthermore, after considering the briefing in support of the motion and the court's record in this case, and for the reasons outlined below, the court will recommend that plaintiff's motion for default judgment be granted.

\\\

Plaintiff is a permanently disabled wheelchair user. Defendant Flores[1] operates a music retail store "Mi Musica Latina" located at 225 East Charter Way/E Martin Luther King Jr. Blvd., Stockton, California. Plaintiff actually visited the subject establishment two times in the year preceding the filing of his complaint and encountered architectural barriers which denied him full and equal access.

The record reflects that defendant Flores was properly served with process on November 11, 2011 by personal service. (Dkt. No. 9.) When defendant Flores failed to respond to plaintiff's complaint, plaintiff requested the entry of default on March 8, 2012. (Dkt. No. 10.) The Clerk of Court subsequently entered default against defendant Flores on March 9, 2012. (Dkt. No. 11.) Thereafter, on March 16, 2012, plaintiff filed the instant motion for default judgment with a proof of service reflecting service of the motion on defendant Flores. (Dkt. No. 12.) Plaintiff seeks an entry of default judgment in the amount of $8,000 pursuant to California Civil Code section 52(a)[2] as well as injunctive relief.[3]

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds that the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief in the form of statutory damages and injunctive relief requested in the motion for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315,

---

[1] The remaining defendants were dismissed from the action without prejudice pursuant to Fed. R. Civ. P. 41(a). (Dkt. No. 5.)

[2] The Unruh Civil Rights Act provides, in relevant part, for a minimum statutory damages amount of $4,000 per violation. Cal. Civ. Code § 52(a).

[3] Plaintiff seeks injunctive relief requiring defendant to remove identified architectural barriers only to the extent such alterations are readily achievable.

317 (9th Cir. 1974), cert. denied, 419 U.S. 832 (1974).  Plaintiff is entitled to statutory damages for each "offense," i.e., each obstructed visit.  See Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir. 2004); see also Feezor v. DeTaco, Inc., 431 F. Supp. 2d 1088 (S.D. Cal. 2005). There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (factors that may be considered by the court are the possibility of prejudice to the plaintiff; the merits of plaintiff's substantive claim; the sufficiency of the complaint; the sum of money at stake in the action; the possibility of a dispute concerning material facts; whether the default was due to excusable neglect; and the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The April 25, 2012 hearing on plaintiff's motion for default judgment (dkt. no. 12) is VACATED.

2. Plaintiff's motion for default judgment (dkt. no. 12) is submitted on the record without oral argument.

IT IS ALSO HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (dkt. no. 12) against defendant Marcos A. Flores be granted;

2. Plaintiff be awarded statutory damages in the amount of $8,000.00.

3. Plaintiff be granted an injunction requiring defendant Flores to make readily achievable property alterations that consist of providing for an accessible route, accessible entrance, accessibility signage, striping, accessible cashier/service counter, and accessible store aisles, all in accordance with the Americans With Disabilities Act of 1990 (ADA) and the Americans With Disabilities Act Accessibility Guidelines (ADAAG) contained in Title 28 of the Code of Federal Regulations Part 36.

4. The Clerk of Court be directed to close this case.

1  These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 18, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Flores.2773.default.fr.wpd